
FILED
AUG 23 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICARDO CESAR CONTRERAS-De La TORRE,<br><br>　　　　Defendant. | Cr. No. 10-1194GT<br><br>**ORDER** |

　　The sole issue in this case is whether or not Mr. Contreras' prior state conviction for residential burglary under Californina Penal Code §§ 459/460 is a crime of violence under § 2L1.2(b)(1)(A)(ii). This is the precise issue before the *en banc* panel of the Ninth Circuit in the Aguilla-Montes case. United States v. Aguila-Montes De Oca, 594 F.3d 1080 (9th Cir. 2010)

　　In Aguilla-Montes, the Ninth Circuit specifically stated that "consistent with our en banc decision in *Navarro-Lopez v. Gonzales*, we may not apply a modified categorical approach in this case because the state crime of which Aguilla-Montes was convicted lacks an element of the generic crime of the guidelines." (Citations omitted) Aguilla-Montes, 553 F.3d 1229, 1233 (9th Cir. 2009). Like this case, Aguilla-Montes was convicted of residential burglary under California code

Case 3:10-cr-01194-GT   Document 24   Filed 08/23/10   PageID.99   Page 1 of 3

§ 459. However, since the Ninth Circuit could not employ the modified categorical approach and § 459 does not categorically match the generic definition of residential burglary, the Ninth Circuit held that Aguilla-Montes' sentence was improperly enhanced 16 levels. <u>Id</u>. at1234. The holding in <u>Aguilla-Montes</u>, was based entirely on the reasoning and logic of <u>Navarro-Lopez</u>. The Ninth Circuit decided to rehear <u>Aguilla-Montes</u> en banc and ordered that the case not be cited.

In spite of the fact that this precise issue is before an en banc panel of the Ninth Circuit and is still undecided, defense counsel argues that this court should apply the reasoning of <u>United States v. Navarro-Lopez</u>, 503 F.3d 1063 (9th Cir. 2007) and <u>United States v. Estrada-Espinoza</u>, 546 F.3d 1147 (th Cir. 2008) to this case. This issue is better decided by the Ninth Circuit.

Additionally, both <u>Navarro-Lopez</u> and <u>Estrada-Espinoza</u> are cases where the defendant was appealing an Immigration Judge's final order of removal. They are not criminal cases involving interpretation of the guidelines like the present case or the <u>Aguilla-Montes</u> case.

Finally, <u>United States v. Rodriguez-Rodriguez</u>, 393 F.3d 849 (9th Cir. 2005), which is directly on point, is still good law. In <u>Rodriguez-Rodriguez</u>, the defendant was convicted of residential burglary under California Penal Code §§ 459/460. The court applied the modified categorical approach because the state statute and generic definition for residential burglary did not match. However, the defendant did plead guilty to unlawfully entering the building. The Ninth Circuit held that since "Rodriguez's conviction included the unlawful entry requirement absent in California's statutory definition of burglary, his conviction meets the definition of 'burglary of a dwelling' under *Taylor* and is, therefore, a 'crime of violence' under the Sentencing Guidelines." <u>Rodriguez-Rodriguez</u>, 393 F.3d at 858. *See also*, <u>Velasco-Medina</u>, 305 F.3d 839, 852 (9th Cir. 2002) (holding that a California burglary conviction was burglary under the modified categorical approach because the defendant pled guilty to unlawful entry.)

In this case, the Mr. Contreras did plead guilty to unlawful entry. At the last hearing Probation submitted a copy of his guilty plea which showed that Mr. Contreras pled to the "missing" element of unlawful entry. Since <u>Rodriguez-Rodriguez</u> and <u>Velasco-Medina</u> are still good law, the court may apply the modified categorical approach and Mr. Contreras' conviction for residential burglary is a crime of violence under the guidelines. Hence, the 16 level

enhancement is appropriate. **Accordingly,**

   **IT IS ORDERED** that Mr. Contreras' Objection to the Presentence Report is **DENIED.**

   **IT IS SO ORDERED.**

*August 23, 2010*
date

_____
GORDON THOMPSON, JR.
United States District Judge

cc:  All counsel and parties without counsel